Ruffijt, C. J.
 

 Without regard to the form in which it is presented, the Court supposes the single question to be whether the action is well brought, and therefore has considered that alone.
 

 Next of kin take distinct shares, and unequal balances may be due to the several persons, who make up that class. The argument for the defendants is, that these three of the next kin are separate creditors of the administrator, and therefore that one action cannot be brought for the benefit of all of them. There is no doubt, that each creditor or next of kin may prosecute a separate action “ and recover damages for the breach to his prejudice, until the penalty of the bond be exhausted.” It is the express purpose of the act,
 
 Rev. St. c.
 
 46, to give to any “ person or persons” the right to prosecute “ a suit or suits in the name of the State” on an administration bond, and “ recover all damages which
 
 he, she,
 
 or they may have sustained by reason of the breach of its conditions.” But while “ suits may be brought on the bond” by several relators, the act, taken literally, allows “ any persons” to bring “ a suit” on it. The question is, whether the literal reading is the true sense of the act. The defendant’s counsel contends, that convenience and legal analogy require the interpretation, that separate actions must be brought on separate rights, and that two persons cannot unite as relators, unless they have a joint interest in all the damages, that can be assessed under the declaration. '
 

 There is- no doubt, that, in England, any number of breaches may be assigned in an action on an administra
 
 *399
 
 tion bond. It is payable to the ordinary, who is authorized to take it as a security for the estate. But there is no statute, which provides any particular mode for suing on it, as by an assignee or a person or persons injured
 
 •,
 
 and those matters are regulated by the general law. Therefore the suit is necessarily to be instituted by the assent and in the name of the ordinary, who is a natural person ; and but one suit can be brought on it, as it is merged in a judgment on it. Now, the statute 8 and 9
 
 Wil.
 
 3, c. 11, compels the plaintiff to assign a breach or breaches of the condition, and the jury to assess the damages arising therefrom; and at the same time authorizes him to assign as many breaches as he thinks fit. Although the ordinary really has no interest personally in any breach assigned, yet, by force of the contract with «him contained in the bond, he recovers damages arising from a breach of the condition in not paying a sum, for example, to A, in the same manner as if the condition had required the payment of that sum to the bishop himself. As the declaration might assign any number of breaches «■of the latter kind, that is, in the non-payment of different debts to- the ordinal’}'-, it follows, that in like manner it. may assign several breaches in relation to- several duties to another person or to several persons — the bond, in truth, covering all of them. There is_ no legal reason* why the Bishop should recover for a breach in respect of one of the next of kin more than of another ; nor why he may not assign two or more breaches of that kind as well as formatters affecting his private interest. No injury can result to any person from it, and but few inconveniences, if any. The suit is by order of the ordinary, at the suggestion of a person or persons injured; and several will not probably unite in the application, nor the Bishop grant it, if th© investigation of one claim will retard the trial as to another. It is true, the case may be much complicated by embracing many breaches in one declaration. But that is attributable to a statute, which is held to be highly
 
 *400
 
 remedial, and to have been made for the benefit of defendants peculiarly. Every defence is open to the defendant on each breach, that would be, if that were the sole breach, or if the action were covenant; for, in answering the declaration, the defendant may put in any number of pleas to each breach — though, indeed, it is otherwise when the breaches are assigned in the replication, as a rejoinder is confined to a single answer. It appears, then, that the' suit is in England simply the suit of the obligee, who is the plaintiff of record; and hé may of course assign any number of breaches on the condition of this, like any other bond.
 

 . But the counsel for the-defendants argued that," as our statute,
 
 Rev. St. c.
 
 81.
 
 s. 2,
 
 requires the relator or rela-tors to state in the declaration matter of inducement, shewing at whose instance and on whose behalf the suit is brought, a relator is not only regarded as a person interested, but as really and legally the plaintiff; and, consequently, that none can sue as relators in the same action, but such as have a joint and equal interest in the whole subject of controversy. The provision referred to is confined to suits on bonds of a sheriff, clerk, and other officers ; and there is none such in the act of 1791, which relates to administration bonds, and merely directs that they shall be put in suit at the instance of any person or persons injured, in the name of the chairman of the County Court, to whom they were then made payable. ,But admit that the form of the declaration is to be the same in both instances, and that it must shew, that particular persons have put the bond in suit, and the interest of those persons in the breaches, the Court cannot agree, as an inference therefrom, that several breaches may not be assigned in respect of persons severally entitled. It is not like the case supposed of several creditors joining in an action on several securities. Here there is, a single security for each and all the duties, namely, a bond payable to a trustee for all persons in
 
 *401
 
 terested; and the recovery ought to be co-extensive with the security and the several rights of the respective persons interested. No reason was ever opposed to it but a technical one, as to a rule of pleading, which prevented the assignment of more than one breach, and was therefore found to impede the administration of speedy and exact justice between the parties, and was abrogated by a statute, which gives a remedy at once more enlarged and more precise, and less expensive. And suits, brought in the name of the State, under a general provision of law, by persons injured, seem to stand on the same footing, as to this point, with those brought by the particular order of the obligee, at the instance of such injured person or persons. We find, indeed, that an action was early brought and maintained on an administration bond for the distributive shares of two next of ldn; and we believe that has since been the general practice.
 
 Williams
 
 v.
 
 Hicks,
 
 1 Murp. 437, There is but one ground upon, which it could be held that the law is different in England and here ; which is, that there the costs of the trial go according to the result of the several issues, whereas here the party, in whose favor judgment is given, is by statute entitled to “ full costs.” It might then, happen, if two or more persons have the absolute right of joining sundry demands in the same declaration, in the shape of several breaches of the conditions of a bond, that the defendant might have all the costs to pay, though the issues on the breach, on which the controversy chiefly turned and the costs were incurred, were found for him; which would, certainly, be very mischievous. But the danger, that it might sometimes so happen, is not sufficient to authorize a construction of the act of 1793, not required by its words, but, rather, contrary to them, which would prevent the wholesome reform, enacted in the statute of William, from applying at all to bonds of this character. For that is the point here — whether in any case one action can be maintained for the several
 
 *402
 
 demands of two or more. Instead of holding that these suits are not within the statute, because, in a particular instance, it might produce an inconvenience, it is the rather our duty to devise means for avoiding the particular inconvenience, while the act is left to its salutary general operation. This we think may be readily and properly done, by an exercise of that control over suitors, 'as to the manner of their using the process of the law, which every Court must occasionally find necessary to guard against its abuse. As, on the one hand, a plaintiff, who has brought several suits for matters which might have been joined in one, has been ofien compelled to consolidate: so, on the other, if several persons artfully combine
 
 to
 
 make a defendant liable for all the costs of a suit, because upon a breach in respect of one of them, there must be a verdict against the defendant, though for him upon the other issues, there must be a similar power to prevent the evil by compelling the rela-tors, in substance, to sever. That may be done by the common expedient of staying the proceedings in the joint suit, if it may be so called, at the instance of the defendant, upon equitable terms as to costs, and his accepting separate declarations
 
 from
 
 each of the relators or so much of them as he might prefer to contend with singly, and pleading to issue thereon. We think, indeed, that the Court clearly has the power to order breaches to be struck from a declaration, where it appears plainly that the right to put the bond in suit has been abused. Sup. pose, for instance, a relator, for the purpose of saving the costs, were to insert as one of the breaches a failure of the administrator to return an" inventory within the ninety days; under the provision that the bond may be put in suit by any person injured, it must be competent for the Court, upon its appearing that the relator had no interest in that provision or had not suffered from the omission for that period, to reform the declaration, so as to confine the relator to matters out of which damages
 
 *403
 
 had been incurred by him. In the same manner, if it appear that it may be to the prejudice of the defendant, in respect to the costs, or his evidence, or other matter, to be obliged to plead to all the breaches in one action, and go to trial on them together, there ought to be a power to modify the proceedings, so as to effect justice in those respects. If both sides choose to litigate all the matters together, as, in this case, they did by an union between the relators in bringing suit, and by the defendants pleading to issue on the merits, there is no reason for the interposition of the Court to prevent them. The relators must submit to any inconvenience that may arise to themselves from having brought one action; but they ought not to have the right conclusively to bind the defendants to go to trial upon all at once. If, therefore, the defendants had, before pleading to the several breaches in this declaration, moved to have the breaches in respect to each relator made the subjects of separate declarations, we should have thought the Court would have acted properly in allowing it. It might be also right in a later stage of the cause to allow it, upon a proper case shewn and upon just terms as to the prior costs. But it was too late to make any motion of the sort when the case was before the jury; and, as an objection to the action itself, it seems to the Court not to be well founded.
 

 The judgment must therefore be reversed, and the issues tried upon a
 
 venire de novo.
 

 Per Curiam. Ordered accordingly.